UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reichel Foods, Inc., | Court File No. 19-CV-02604 (ECT/KMM) |
| Plaintiff, | |
| vs. | DEFENDANT PROSEAL AMERICA INC.'S OPPOSITION TO REICHEL'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD PROSEAL UK, LTD. AS A PARTY |
| Proseal America, Inc., *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Reichel Foods, Inc.'s ("Reichel's") motion for leave to amend the complaint to add Proseal UK, Ltd. ("Proseal UK") as a party (the "motion," ECF No. 107) fails to cure the pleading defects that resulted in Proseal UK's prior dismissal. Instead, the proposed second amended complaint (the "proposed complaint") parrots the same facts known by Reichel when the Court dismissed its earlier attempt to rope Proseal UK into this case. *See* ECF Nos. 44, 80.

After months of discovery, the facts have not changed: Reichel remains unable to plead any claim against Proseal UK because Reichel bought the equipment from Proseal America, Inc. ("Proseal America"), not Proseal UK, based on promises allegedly made by Proseal America, not Proseal UK. Proseal America—the proper party to this dispute—has answered the complaint, denied

Reichel's claims, and counterclaimed for the equipment's unpaid purchase price balance.

The Court should reject Reichel's effort to muddy the issues with another party and order the parties to proceed on the existing pleadings.

## II. BACKGROUND

### A. The Court dismissed Reichel's defective claims against Proseal UK.

Reichel sued Proseal America and Proseal UK on September 30, 2019. ECF No. 1. Proseal America and Proseal UK each moved to dismiss. ECF Nos. 33, 38. In its motion, Proseal UK argued, in part, that Reichel had failed to articulate any basis for a claim against Proseal UK because Reichel ordered the equipment at issue from a separate and independent entity, Proseal America. ECF No. 40.

In response, on December 18, 2019, Reichel filed the first amended complaint. ECF No. 44. Because the amended complaint did not materially change the claims against Proseal UK, Proseal UK again moved to dismiss the amended complaint on January 31, 2020. ECF No. 55. Proseal America answered the amended complaint and filed its Counterclaim against Reichel on that same date. ECF No. 61.

On May 21, 2020, the Court granted, in part, Proseal UK's Rule 12(b)(6) motion. The Court's Opinion and Order ("Opinion," ECF No. 80) "fram[ed] the issues" as follows:

- Proseal America and Proseal UK are distinct business organizations, *id.* at 11;

- Reichel alleged a contract only with Proseal America, not Proseal UK, because "the documents Reichel allege[d] comprise the contract show that Reichel contracted only with Proseal America," *id.* at 12 n.3; and

- Reichel's theory (at the time) was that "Proseal America and Proseal UK were engaged in a joint venture with respect to their dealings with Reichel," *id.* at 11.

The Court held that Reichel failed to plead a joint venture between Proseal America and Proseal UK and "in turn . . . failed to plead plausible contract, warranty, and negligence claims against Proseal UK." *Id.* at 15.

While Proseal UK and Reichel were briefing Proseal UK's motion to dismiss, Proseal America and Reichel commenced discovery on March 13, 2020, by exchanging Rule 26(a)(1) initial disclosures. Since that time, Proseal America and Reichel have exchanged tens of thousands of pages of documents.

In the initial scheduling order, this Court established May 1 and May 31, 2020, respectively, as the deadlines for Reichel to bring any motion seeking to: (1) join other parties or (2) amend the pleadings. ECF No. 69; ECF No. 73. But as a result of the COVID-19 pandemic, the Court later extended the pretrial schedule, setting the new deadlines for adding parties or amending the complaint as June 30 and July 30, 2020. ECF No. 77; ECF No. 79. And on June 25, 2020, Reichel moved to "modify the scheduling order to exempt Proseal UK from the deadline for adding additional parties, or in the alternative to extend the deadline to add

Proseal UK as a party to 30 days following the completion of discovery." ECF No. 90. Proseal America opposed, arguing in part that Reichel should not get even more time to hunt for theories against Proseal UK. ECF No. 101.

On July 24, 2020, the Court granted Reichel's motion in part and extended the deadline to amend the pleadings to September 15, 2020. ECF No. 104. Reichel waited until September 15, 2020, to move to amend the complaint and provided the proposed complaint to Proseal America only that afternoon. ECF Nos. 107, 111.

### B.     Reichel's changes in the proposed complaint do not cure the defects.

The proposed complaint's core claims remain largely unchanged: Proseal America and Proseal UK allegedly breached express and implied warranties and were negligent in supplying Reichel with certain food packaging equipment because it did not fulfill Reichel's expectations. *See generally* ECF No. 110-1 (hereafter cited as "Compl."). But in the proposed complaint, Reichel abandoned the Proseal America/Proseal UK joint venture theory and seeks to assert claims directly against Proseal UK. *See id.* ¶¶ 121-26 (Count III); 137-48 (Count V); 161-74 (Count VII). As reflected in Reichel's redline, the allegations against Proseal UK now include:

- Proseal America "turn[ed] to Proseal UK to prepare designs," *id.* ¶¶ 15, 19-20;

- Proseal America sent Reichel design drawings by Proseal UK employees, together with emails in which Proseal UK employees

4

- "describe[d]" design drawings and "discusse[d] design specifics with Proseal America employees," *id.* ¶¶ 16-18;

- "Prior to and at the time of contracting, Reichel informed . . . Mr. Holmes of Proseal UK . . . of the system's required specifications . . .," *id.* ¶ 22;

- Nearly two months after Reichel claims there was a contract, a Proseal UK engineer "wrote to Reichel . . . that he was designing Reichel's conveyer and denester systems . . .," *id.* ¶ 31;

- The equipment was built in the UK, *see generally id.*;

- A Proseal America employee informed Reichel that "Proseal UK decided to build the conveyors in a manner that forced the small trays to be packed turned" when Reichel had "indicated that the small trays should not be packed turned," *id.* ¶¶ 37-38, 41;

- Proseal UK sent representatives to Minnesota ***after delivery*** to "service the equipment," shipped replacement parts to Reichel, and generally participated in Proseal America's efforts to troubleshoot the equipment, *id.* ¶¶ 10, 53, 62-64, 76, 79, 84; and

- When Reichel refused to pay Proseal America, Proseal UK participated in a self-help measure that involved installing code on the equipment's computer that required periodic, remote entry of a passcode to prevent the "machines" from "go[ing] down," *id.* ¶¶ 104-05.[1]

### III. ARGUMENT

#### A. Legal standard.

Reichel moves to add Proseal UK pursuant to Rule 15(a)(2). Mot. 8. "The Eighth Circuit has held that 'although amendment of a complaint should be

---

[1] Reichel does not allege that its equipment ever "went down" as a result of this measure or that Proseal America and Proseal UK ever interfered with Reichel's quiet enjoyment of the equipment.

5

allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend.'" *Foster v. Litman*, 2020 WL 2786956, at *2 (D. Minn. May 29, 2020) (quoting *Ferguson v. Cape Girardeau City*, 88 F.3d 647, 650-51 (8th Cir. 1996)). The Court may deny Reichel leave to amend based on "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to" Proseal America. *Id.* (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

Courts judge futility with a view to the *Iqbal*/*Twombly* "plausibility" standard applicable to motions to dismiss under Rule 12(b)(6). *Id.* (collecting cases) (denying motion to amend). Reichel, however, asks the Court to refrain from reviewing the pleadings "to the same extent as would be appropriate on a Rule 12(b)(6) Motion," Mot. 10, which here would allow Proseal UK to make its own comprehensive motion under Rule 12(b)(6).

**B.    Proseal America would be prejudiced by Reichel's strategic delay in moving to amend the complaint.**

Because Reichel argued that it needed discovery to plead its claims under a joint venture theory, the Court stated that it would not "deprive Reichel of any opportunity to . . . seek leave to amend its complaint to reassert claims against Proseal UK based on discovery." ECF No. 80 at 16. Thereafter, Reichel had almost four months to conduct discovery and amend its claims.

However, Reichel abandoned the joint venture theory and now seeks to assert claims based on facts available to it ***when it filed its original complaint***. *See* Compl. ¶¶ 7 (equipment originated in the UK); 10, 63-64 (statement to Reichel that a Proseal UK engineer would be sent to Reichel's facility); 11, 104-05 (emails to Reichel concerning the "kill switch"); 15 (Proseal America employee's statements to Reichel on June 19, 2017); 16-18 (July 18, 2017 email to Reichel); 19 (November 29, 2017 email to Reichel); 20 (February 21, 2018 email to Reichel); 22 (alleged conversations between Reichel and Proseal UK employee); 31 (March 2, 2018 email to Reichel); 41 (April 23, 2018 email to Reichel); 62 (June 28, 2018 email to Reichel); 78 (September 21, 2018 email thread involving Reichel); 79 (September 24, 2018 email to Reichel); 84 (December 12, 2018 email to Reichel); 108 (cooperation between Reichel and Proseal UK employees).

Reichel offers no reason for waiting nearly a year later (and almost four months after the Opinion) to make these allegations against Proseal UK. Instead, Reichel's justification is that "the deadline to move to add Proseal UK per this Court's scheduling order has not yet passed." Mot. 10. However, "[f]iling a motion to amend a pleading within the deadline established by a pretrial scheduling order 'does not confine the district court's consideration of the merits of such a motion and does not preclude it from finding that an amendment would result in prejudice.'" *U.S. v. Boston Sci. Corp.*, 2018 WL 5617565, at *2 (D. Minn. Oct. 30,

7

2018) (denying motion to amend) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005)).

Reichel waited until 42 days before fact discovery closed, *see* ECF No. 79, to propose an amendment that it could have alleged in the original complaint a year ago. Whatever excuse Reichel concocts for waiting to file and switching away from the joint venture theory does not alter the following: (1) discovery closes fewer than four weeks after the Court will hear this motion, ECF No. 108 (hearing set for October 1, 2020); (2) a motion to dismiss by Proseal UK would not be decided until after fact discovery closed, and well into expert discovery; and (3) Proseal UK will be precluded from taking discovery.[2] Thus, Reichel's last-minute amendment—using facts known to it 12 months ago—would require pretrial scheduling changes that prejudice Proseal America. Reichel's decision to reserve its allegations against Proseal UK should not force Proseal America to tolerate delays in seeking relief for its counterclaim and resolving the claims against it.

---

[2] The Court's pretrial order requires discovery to be "commenced in time to be completed" before October 27, 2020. *See* ECF Nos. 73, 79. Thus, Proseal UK would have to serve discovery before the Court hears argument on the pending motion.

8

### C. Reichel's amendments in the proposed complaint are futile.

The proposed complaint asserts three claims against Proseal UK: negligence, breach of express warranty, and breach of implied warranty. The negligence and express warranty claims fail under the *Iqbal*/*Twombly* standard.

#### i. Reichel fails to plead any negligent act by Proseal UK.

Reichel asserts that Proseal UK owed Reichel a duty "to design and manufacture" the equipment "with reasonable care." Compl. ¶ 122. The only alleged negligent act, however, is that Proseal UK "inexplicably switch[ed] tray orientation of the small trays, despite Reichel's contrary instructions." *Id.* ¶ 125.[3]

To state a negligence claim under Minnesota law, Reichel must allege (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) proximate cause. *Louis v. Louis*, 636 N.W.2d 314, 318 (Minn. 2001). A duty of care can arise in the sale of goods only where the product is alleged to be unreasonably dangerous. *Minn. Forest Prods., Inc. v. Ligna Mach., Inc.*, 17 F. Supp. 2d 892, 915 (D. Minn. 1998). Furthermore, no duty of care exists between sophisticated equals negotiating an arm's length transaction. *Williams v. Smith*, 820 N.W.2d 807, 817 (Minn. 2012). Finally, "[w]hen the gravamen of the complaint is

---

[3] The proposed complaint asserts that "These breaching [*sic*] include, but are not limited to" the tray orientation. Compl. ¶ 125. Such an allegation would fail to put Proseal UK on notice of the claims against it other than the specified act. *Kostuch v. World*, 2019 WL 1472854, at *2 (D. Minn. Mar. 13, 2019) ("the claims raised by a plaintiff must at least be sufficiently pleaded to put the defendants on notice of the claims being brought against them").

the breach of contract, the plaintiff may not recover tort damages." *See McNeill & Assocs., Inc. v. ITT Life Ins. Corp.*, 446 N.W.2d 181, 185 (Minn. Ct. App. 1989).[4]

Here, Reichel alleges negligence against Proseal UK entirely from the supposed ***contractual*** promise by Proseal America to orient trays "short-edge leading" as they moved along the equipment's conveyor. Compl. ¶¶ 22, 41, 125. Reichel fails to allege any independent standard or duty of care that dictates the orientation of trays in the design or manufacture of the types of equipment at issue here. Indeed, Reichel alleges no independent standard or duty of care other than the "specifications" in the quotation that Reichel intends to attach to the proposed complaint as Exhibit A. *Id.* ¶¶ 21, 22, 24. Because potential "specifications" do not create a duty of care, Reichel can bring its contract claim against Proseal America but not a standalone negligence claim against Proseal UK.

Additionally, Reichel fails to plausibly allege that any act of negligence proximately caused the alleged, unspecified damages to "food product and trays" (*i.e.*, the forms of damages Reichel has argued are not barred by the economic loss doctrine). *See* ECF No. 70 at 15 (Proseal UK's reply in support of its motion to dismiss). Instead, Reichel alleges only that the change in orientation "required pack

---

[4] *See also Bank of New York Mellon v. Jacob*, 2015 WL 1757885, at *2 (Minn. Ct. App. Apr. 20, 2015) (holding that a duty "'indistinguishable' from the breach of contract" does not support a tort claim); *Cherne Contracting Corp. v. Wausau Ins. Cos.*, 572 N.W.2d 339, 343-44 (Minn. Ct. App. 1997) ("[W]ithout [the] contract there would have been no relationship between the parties, and no basis for liability. Therefore, there was no duty independent of the contract.").

turning of small trays." Compl. ¶ 125. Reichel fails to set forth any facts regarding how this "turning" was accomplished, as well as any actual damage the "turning" caused to the food product or trays. *See id.*

The Court should not allow the amendment or require the parties to expend the time and resources briefing a full motion to dismiss because the proposed negligence claim against Proseal UK is futile. *Foster*, 2020 WL 2786956, at *2 (denying amendment as futile).

### ii.  Reichel does not allege an express warranty by Proseal UK.

The proposed complaint concedes that any contract Reichel had was with Proseal America, not Proseal UK. *See id.* ¶¶ 21, 114-16 (breach of contract against Proseal America, only). However, the express warranty claim against Proseal UK in the proposed complaint (like the claim the Court previously dismissed) still remains premised on the argument that Proseal UK should answer for whatever warranties Proseal America might have extended in the alleged contract.[5] *See id.* ¶¶ 21 (citing the quote "documents attached hereto as Exhibit 'A'"); 22 ("[p]er the quote"); 24 ("the equipment never produced packed trays in an amount or rate that met the specifications of the agreement"). Indeed, the proposed complaint still does not identify ***any*** promise that Proseal UK (as opposed to Proseal America) made to Reichel before Reichel ordered the equipment. *See generally id.*

---

[5] Proseal America does not accept that the quote extended such warranties. Proseal America expressly reserves all rights and defenses to the claims against it.

An express warranty arises from an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Minn. Stat. § 336.2-313. Where a plaintiff fails to allege that a defendant made such an affirmation of fact or promise **before** the order or delivery, it has not satisfied the "basis of the bargain" element. *See Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 788 (D. Minn. 2009) (dismissing express warranty claim where the complaint failed to allege any statements to the plaintiff prior to the transaction); *Indus. Graphics, Inc. v. Asahi Corp.*, 485 F. Supp. 793, 797 n.3 (D. Minn. 1980) ("As the purchase order was issued before the sample was received . . ., it necessarily follows that the sample was not part of the 'basis of the bargain' . . . .").

Here, Reichel does not allege that Proseal UK promised Reichel that the equipment would operate in a specific manner, much less that such a promise preceded Reichel's January 9, 2018 order and became the basis of the parties' bargain. Indeed, Reichel never struck any bargain with Proseal UK—as the Complaint makes clear that Proseal America sold Reichel the equipment.

Reichel therefore falls back, both in the proposed complaint and in the motion, to arguing that Reichel is an intended third-party beneficiary under Minn. Stat. § 336.2-318 of warranties that Proseal UK made to Proseal America. Compl. ¶ 139; Mot. 13-14. But the Complaint fails to allege any express warranty by

Proseal UK to Proseal America of which Reichel could be a third-party beneficiary. *See generally* Compl. Accordingly, § 336.2-318 does not salvage Reichel's express warranty claim.

Because the express warranty claim falls below the *Iqbal*/*Twombly* standard, the proposed amendments to the express warranty claim are futile and should not be allowed. Full briefing of a motion to dismiss is not necessary to reach this conclusion and would only serve to unfairly delay resolving the claims between Proseal America and Reichel.

## CONCLUSION

For the foregoing reasons, Reichel's motion to amend the complaint to add Proseal UK as a party should be denied.

Dated: September 22, 2020          **FELHABER LARSON**

By: */s/ Richard Voelbel*
Richard R. Voelbel, #0387091
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone (612) 339-6321
rvoelbel@felhaber.com

**DLA PIPER LLP (US)**

Amy M. Rubenstein (*pro hac vice*)
Ferlillia Roberson (*pro hac vice*)
Eric M. Roberts (*pro hac vice*)
Mary M. Shepro (*pro hac vice*)
444 W. Lake Street, Suite 900
Chicago, Illinois 60606-0089
T: 312.368.4000
amy.rubenstein@dlapiper.com
ferlillia.roberson@dlapiper.com
eric.roberts@dlapiper.com
mary.shepro@dlapiper.com

**ATTORNEYS FOR DEFENDANT PROSEAL AMERICA, INC.**