## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Reichel Foods, Inc. | Case No. 0:19-cv-02604-ECT-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Proseal America, Inc., et al., | |
| Defendants. | |

This matter is before the Court on a Defendant Proseal UK's request for an award of the expenses, including reasonable attorney's fees, incurred in responding to a motion to compel discovery filed by Plaintiff Reichel Foods, Inc. On June 23, 2021, the Court held a hearing on Reichel's motion to compel discovery from Proseal UK. [ECF No. 200; ECF No. 210]. In a bench ruling, the Court denied Reichel's motion in its entirety, and later issued an Order memorializing that decision. [ECF No. 211]. Because Proseal UK requested an award of expenses and fees under Fed. R. Civ. P. 37(a)(5), the Court issued an Order directing Reichel to respond. [ECF No. 212]. Reichel filed its response on July 19, 2021. [ECF No. 220].[1]

Under Rule 37, if a motion to compel is denied, "the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court must not award such expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* The losing party on a motion to compel discovery has the burden to show substantial justification or that an award of expenses would be unjust under the circumstances. *See* ; Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4);

---

[1] In its response to the fee request, Reichel argues that its first motion to compel was substantially justified. [ECF No. 220 at 2–5 (discussing the bases for the requests in ECF No. 168)]. Proseal UK did not seek fees in connection with that motion and the Court did not Order any response brief as to that motion. The Court agrees that, though unsuccessful, that motion to compel concerning production of communications withheld on the basis of privilege and a dispute over attorney's-eyes-only designations for a deposition transcript was substantially justified.

1

*Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008) (allocating the burden on the losing party to show position was substantially justified under the Equal Access to justice Act).

A motion to compel that is denied by the court is substantially justified if the moving party's "'position was justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. To warrant such a characterization, the position must have reasonable basis both in law and fact." *In Re Nat'l Hockey League Players' Concussion Inj. Litig.*, MDL No. 14-2551 (SRN/BRT), 2017 WL 3276873, at *2 (D. Minn. July 31, 2017) (quoting *Conklin v. Astrue*, 282 F. App'x 488 (8th Cir. 2008)). A party "can advance a losing position in the district court and still avoid the imposition of a fee award as long as the … position had a reasonable basis in law and fact." *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (examining substantial justification in the context of the Equal Access to Justice Act).

Rule 37 does not provide guidance regarding when an award of expenses would be unjust under the circumstances of a given case. "The definition of 'unjust' in the context of Rule 37 is unclear. Some courts focus on the conduct of the moving party…." *Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (ECT/KMM), 2019 WL 2448575, at *10 (D. Minn. June 12, 2019). Indeed, the cases are not in complete agreement about whether a party's impecuniousness is relevant in determining if an award of expenses would be unjust. *Compare Robinson v. Minnesota*, No. 17-cv-437 (DSD/KMM), 2018 W 6523449, at *2 (D. Minn. Dec. 12, 2018) (finding that it would be unjust to require a *pro se* plaintiff who was incarcerated and had been granted *in forma pauperis* status to pay an award of expenses under Rule 37), *with Garity v. Donahoe*, No. 2:11-cv-1805 (MMD/CWH), 2014 WL 1168913, at *5 (D. Nev. Mar. 21, 2014) ("[F]inancial indigence by itself does not necessarily make an award of expenses unjust."). However, courts have recognized that the concept is flexible, largely fact dependent, and vested in the discretion of the court. *See, e.g.*, *RES-AZ one, LLC v. McAdams*, No. CV-16-2392 (PHX/SPL), 2017 WL 6001511, at *2 (D. Ariz. Jan. 30, 2017) (concluding that an award of expenses that the plaintiff incurred in making a successful motion to compel would be unjust where "some confusion may have existed" given the "excessive number of motions filed by the parties" and the sheer number of defendants in the action); *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-1020 (RLY/MJD), 2014 WL 6453557, at *2 (S.D. Ind. Nov. 17, 2014) (describing the unjust-circumstances portion of Rule 37(a)(5) as a "rather flexible catch-all provision," but explaining that it "is of no assistance to a party that has waived their opposition arguments by filing an untimely response brief"); *Hooks v. Bank of America*, No. 1:04-cv-2215-CC, 2005 WL 8154746, at *2 (N.D. Ga. Feb. 28, 2005) (finding an award of expenses unjust where a *pro se* plaintiff was "apparently confused over her obligations under the Federal Rules of Civil Procedure").

Here, Reichel argues that an award of Proseal UK's expenses and fees incurred in responding to the motion to compel discovery should be denied because it was substantially

justified. Reichel asserts that, contrary to this Court's conclusion, its discovery requests "were not overwhelmingly directed at issues that are relevant only to the Third Amended Complaint," and "respectfully asks the Court to take another look." Reichel also notes that its motion to compel was based on several unique aspects of the procedural history of this case. [ECF No. 220 at 5–6].

Regardless of whether Reichel has shown that its motion to compel was substantially justified, the Court finds that an award of expenses under the circumstances would be unjust. When Reichel served the discovery that was the subject of the motion to compel, its objections to this Court's Order denying Reichel's request for leave to file the Third Amended Complaint were pending before the District Court. At that point, it was at least somewhat uncertain whether the scope of the litigation was going to be drastically expanded by the claims in that proposed pleading. That uncertainty provides some basis for excusing Reichel's untimely service of discovery requests on Proseal UK. Of course, when the parties began to have a disagreement regarding the propriety of the discovery and the status of this case's schedule, Reichel would have been much better served by seeking clarification from the Court about the propriety of pursuing such discovery before electing to file a motion to compel. Nevertheless, the procedural history cited by Reichel in its response indicates that plaintiff's counsel was confused about whether and to what extent discovery had closed. That confusion, coupled with the absence of any indication that Reichel brought the motion in bad faith, convinces the Court that on the unique circumstances of this case, an award of expenses would be unjust. For this reason, Proseal UK's request for an award of expenses, including attorney's fees, pursuant to Rule 37(a)(5)(B), is denied.

**IT IS SO ORDERED**.

Date: September 15, 2021

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge